# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Civil Action No. 16-cv-1158-WJM-SKC

W.R. HANSEN, d/b/a Hansen Drilling,

    Plaintiff,

v.

LKA GOLD INCORPORATED, a Delaware corporation,

    Defendant.

---

# ORDER GRANTING MOTIONS FOR
# ATTORNEYS' FEES AND PREJUDGEMENT INTEREST

---

Plaintiff W.R. Hansen ("Plaintiff") brought this breach of contract lawsuit against Defendant LKA Gold Incorporated ("Defendant") in May 2016. (ECF No. 1.) In response, Defendant asserted a breach of contract counterclaim against Plaintiff. (ECF No. 11.) The case was finally resolved after four-day jury trial with the jury returning a verdict in favor of Plaintiff on his breach of contract claim, and finding against Defendant on its breach of contract counterclaim. (ECF No. 79.) Final judgment, including post-judgment interest, was entered in favor of Plaintiff on November 29, 2018. (ECF No. 86.)

Currently before the Court are Plaintiff's Motion for Attorneys' Fees (the "Fee Motion") and Plaintiff's Motion to Amend Judgment for Prejudgment Interest (the "Interest Motion"). (ECF Nos. 89 & 92.) For the reasons explain below, the Court grants the Fee Motion and the Interest Motion.

## I.  DISCUSSION

**A.     Attorneys' Fees**

The jury found in favor of Plaintiff on his breach of contract claim.  The same contract contained a fee-shifting provision which read: "In the event of legal actions, with respect to this contract, the prevailing party shall be entitled to recover all Court Costs and Attorney's Fees."  (ECF No. 89.)  Colorado allows a prevailing party to recover attorneys' fees where a contract between the parties provides for such fees. *Planning Partners Int'l, LLC v. QED, Inc.*, 304 P.3d 562, 565 (Colo. 2013).  It is undisputed that Plaintiff is the prevailing party in this action.

Implicit in any award of attorneys' fees is the requirement that any such fees must be reasonable.  *See Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986) (party requesting attorneys' fees has burden to "prove and establish the reasonableness of each dollar, each hour, above zero"); *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (prevailing party must make good faith effort to exclude from a fee request any excessive, redundant or otherwise unnecessary hours).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckhardt*, 461 U.S. 424, 433 (1983).  This is commonly referred to as the "lodestar method" for calculating fees.  *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995).  The best evidence of reasonable fees is "meticulous time records that 'reveal . . . all hours for which compensation is requested and how those hours were allotted to specific tasks.'"  *Id.* at 1510 (quoting *Ramos v. Lamm*, 713 F.2d

2

546, 553 (10th Cir. 1983)).  The prevailing party must make a "good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary."  *Hensley*, 461 U.S. at 434.  Where such an effort appears "inadequate, the district court may reduce the award accordingly."  *Id.* at 433.

Plaintiff submits invoices detailing how counsel spent approximately 225 hours, mostly at a contractual billing rate of $180.  Plaintiff was primarily represented by Andy Richmond, a graduate of the University of Denver Law School admitted to the bar in 2013.  (ECF No. 89 at 2.)  Andy Richmond billed 205.6 hours at a rate of $180/hour.  (*Id.*)  Jim Plumhoff, Plaintiff's prior counsel and a 1999 graduate of the University of Richmond Law School, billed approximately 4.3 hours at an hourly rate of $225.00.  (*Id.* at 2–3.)  Mark Richmond and Fred Sprouse, with whom Andy Richmond consulted at various times throughout the case, billed approximately 10 hours collectively at hourly rates of $250 and $275, respectively.  (*Id.* at 2.)  Finally, Mary Winston billed 4.6 hours at a paralegal rate of $120 per hour.

Plaintiff's counsel attests that these rates are reasonable and consistent with other lawyers of comparable experience in the region.  (ECF No. 89-1 at 2.)  The Court, having found similar rates reasonable in this jurisdiction, agrees.  *See Fed. Nat. Mortg. Ass'n v. Sechrist*, 2012 WL 4511276, at *3 (D. Colo. Oct. 2, 2012).  The Court finds that the hourly billing rates are reasonable in this case.

Plaintiff's counsel spent approximately 225 hours on this case.  (ECF No. 89 at 2.)  The Court finds that this is a reasonable amount of time given the nature of the issues in the case, and the fact that the case was resolved in a four-day trial.

Multiplying the hours spent by each individual by the hourly rates, and deducting approximately $2,800 in discounts, yields total attorneys' fees of $38,049.

Defendant does not contest the reasonableness of the number of hours expended by Plaintiff's counsel or the hourly billing rate, and the Court finds the hours and billing rates to be reasonable in this case. Accordingly, the Court finds that Plaintiff has demonstrated that the requested attorneys' fees of $38,049.00 are reasonable.

**B.      Prejudgment Interest**

Rule 59(e) permits a Court to alter or amend a judgment on timely motion by a party. Fed. R. Civ. P. 59(e). "Rule [59(e)] was adopted to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982) (internal quotation marks omitted). Accordingly, the Court may amend the judgment in its discretion where there has been an intervening change in the controlling law, new evidence that was previously unavailable has come to light, or the Court sees a need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id*. However, motions to alter or amend the judgment pursuant to Rule 59(e) "are regarded with disfavor. . . [and are] 'not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.'" *Kerber v. Qwest Group Life Ins. Plan*, 727 F. Supp. 2d 1076, 1076 (D. Colo. 2010) (quoting *Servants of the Paraclete*, 204 F.3d at 1012).

4

"A federal court sitting in diversity applies state law, not federal law, regarding the issue of prejudgment interest." *Chesapeake Operating, Inc. v. Valence Operating Co.*, 193 F.3d 1153, 1156 (10th Cir. 1999). Under Colorado law, a prevailing plaintiff may receive prejudgment interest at a statutory rate of 8% compounded annually or at an agreed upon rate "from the date of wrongful withholding to the date of payment or to the date judgment is entered, whichever first occurs." Colo. Rev. Stat. § 5-12-102(1)(a); *see also id.* § 5-12-102(1)(b) (setting the interest rate for "all moneys or the value of all property after they are wrongfully withheld or after they become due to the date of payment or to the date of judgment is entered, whichever first occurs"). "Permitting the prevailing party to recover prejudgment interest under section 5-12-102 compensates the nonbreaching party for the loss of money or property to which he or she is otherwise entitled." *Mesa Sand & Gravel Co. v. Landfill, Inc.*, 776 P.2d 362, 365 (Colo. 1989).

"[T]he standard measure of damages in a contract case . . . is 'benefit of the bargain' damages, measured as of the time of the breach." *Goodyear Tire & Rubber Co. v. Holmes*, 193 P.3d 821, 826 (Colo. 2008). *Goodyear* distinguished between the date of the wrong and the "wrongful withholding," and found that the relevant date for prejudgment interest was the date of wrongful withholding. 193 P.3d at 823, 30 ("where the plaintiff recovers replacement cost damages, prejudgment interest accrues from the date when he incurred the replacement costs . . . which occurs some time after the plaintiff suffers an injury to his property"). Typically in a contract action, the "wrongful withholding" occurs at the time of the breach. *Id.* at 823.

In the case of a general verdict, a court must make findings regarding the

5

entitlement to prejudgment interest, the rate of interest, the date from which interest accrues, and the basis upon which damages are due. *Lowell Staats Min. Co., Inc. v. Pioneer Uravan, Inc.*, 878 F.2d 1259 (10th Cir. 1989); *Netquote, Inc. v. Byrd*, 2009 WL 902437, at *12 (D. Colo. Apr. 1, 2009). If the court cannot apportion damages between multiple types, the court may simply calculate interest from the date on which the plaintiff was wronged. *Niman v. GPS USA, Inc.*, 2015 WL 1898224, at *2 (D. Colo. Apr. 27, 2015). "Difficulty in computation, as opposed to impossibility of determination, does not weigh against an award of prejudgment interest." *Arkansas River Power Auth. v. Babcock & Wilcox Co.*, 2017 WL 3116286, at *8 (D. Colo. July 21, 2017) (quoting *Harris Grp., Inc. v. Robinson*, 209 P.3d 1188, 1207–08 (Colo. App. 2009)).

Defendant does not dispute that Plaintiff is entitled to some amount of prejudgment interest. (ECF No. 94 at 2.) The only disputes are the date on which calculation of prejudgment interest should begin and whether such a date is discernable. Plaintiff contends that Defendant breached the contract on November 13, 2014, when it fired Plaintiff, and thus prejudgment interest should begin on that date. (ECF No. 92.) Defendant objects because Plaintiff's damages were uncertain as of November 13, 2014, because Plaintiff had not yet billed Defendant for services rendered, Plaintiff could not have completed the anticipated the work by that date, or Plaintiff had not yet incurred consequential damages. (*Id.* at 4–5.) Defendant contends that because Plaintiff cannot pinpoint a date by which all damages were wrongfully withheld due to the nature of a lump sum verdict, Plaintiff cannot show a right to prejudgment interest from November 13, 2014. (*Id.* at 6–7.)

The Court disagrees with Defendant. The verdict form reflects a single sum of $72,900, and is not separated into categories of damages. If the Court is able to apportion damages to the point in time when damages were wrongfully withheld for the purposes of calculating prejudgment interest, it may do so; otherwise, it may award such interest from the date of breach.

There is sufficient evidence to find that the jury verdict roughly matched Plaintiff's testimony about the total amount of lost profits he suffered as a result of Defendant's breach. (ECF No. 95 at 3.) It thus appears that the jury rejected Plaintiff's request for consequential damages in the amount of $35,000, mooting Defendant's arguments that prejudgment interest on consequential damages should not be awarded as of November 13, 2014. Prejudgment interest is allowed on lost profits that accrued before the date of judgment. *See Netquote*, 2009 WL 902437, at *13; *Loughridge v. Chiles Power Supply Co.*, 431 F.3d 1268, 1289 (10th Cir. 2005). Interest on lost profits may be calculated from the date of breach. *See Butler v. Lembeck*, 192 P.3d 1185, 1194 (Colo. App. 2007) (finding that landlord was entitled to prejudgment interest from the latest possible date on which a breach could have occurred through the date of judgment). Here, all lost profits accrued before the judgment, and thus prejudgment interest starting November 13, 2014, is appropriate on the entire sum awarded by the jury.

Moreover, even if the Court could not apportion damages, the Court would nonetheless award prejudgment interest as of November 13, 2014. Plaintiff has provided sufficient evidence that Defendant breached the parties' contract on November 13, 2014, and absent a way to allocate the damages of a general verdict,

prejudgment interest may be awarded as of the date of the breach of contract. *Niman*, 2015 WL 1898224, at *2. The Court thus finds it appropriate to award prejudgment interest starting November 13, 2014, until the November 29, 2018 date of the judgment, at the statutory rate of 8% on the jury award.

## II. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiff's Motion for Attorneys' Fees (ECF No. 89) is GRANTED and Plaintiff is AWARDED $38,049 in attorneys' fees; and

2. Plaintiff's Motion to Amend Judgment for Prejudgment Interest (ECF No. 92) is GRANTED, and Plaintiff is AWARDED prejudgment interest on its damages in the amount of $26,627.45 (comprised of interest on the jury award of $72,900 at the rate of 8% compounded annually to the date of judgment).

3. The Clerk shall enter an amended judgment reflecting the foregoing.

Dated this 30th day of April, 2019.

BY THE COURT:

William J. Martinez
United States District Judge